TOMÁS BURGOS, Plaintiff and Appellant, *v.* RAFAEL HERNÁNDEZ GONZÁLEZ, ETC., Defendant and Appellee.

No. 7546. Argued May 10, 1938.—Decided December 23, 1938.

*C. Domínguez Rubio* for appellant. *T. Bernardini de la Huerta* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This case was decided on a demurrer, and thus the facts alleged in the complaint may be accepted as true. It appears therefrom that by notarial deed of October 29, 1926, Mercedes A. González Garriga, as a result of the settlement of an inheritance, acknowledged owing $10,000 to the plaintiff's wife, Emilia Meléndez. The above sum, however, was retained by Mercedes A. González and took the form of a loan which was to mature on October 29, 1930, and of course owned by Emilia Meléndez. In 1930 the loan was reduced to $8,000 and in this amount extended for an additional two-year period. Before the expiration of this extension, Emilia Meléndez, the creditor, died testate and designated her husband, Tomás Burgos, her sole and universal heir with regard to all property of which she could freely dispose and without prejudice to the rights of others. At the time of her death no new extension had been agreed upon of the $8,000 credit already mentioned. Subsequently, the debtor, Mercedes González also died without having paid any portion of the above nor yet the agreed interest for the months of October and November, 1932, and the interest which fell due thereafter.

Relying on these facts Tomás Burgos as heir of the original creditor brought suit on February 6, 1936, against Rafael Hernández González as sole heir and son of Mercedes A. González, represented by his guardian, who was later substituted by the father in exercise of his patria potestas. In addition to what is recited above, it was alleged that plaintiff's deceased wife had been survived by her mother, and therefore, according to law, plaintiff was entitled to one half of the $8,000 or $4,000, but the said mother was not made a party. In addition to the $4,000 plus interest as alleged,

plaintiff set up a second cause of action for $500 as damages for the delay in the satisfaction of the debt.

The defendant filed a demurrer for nonjoinder of parties plaintiff or defendant, and for lack of a cause of action stated. The lower court sustained both grounds of the demurrer and, as the plaintiff failed to amend within the statutory period, rendered judgment dismissing the complaint with costs against the plaintiff.

Two are the errors assigned on appeal. The first of them attacks the trial court's theory to the effect that no cause of action was stated because no partition and adjudication of the hereditary estate had taken place. The court decided that partition must precede the right of an heir to recover physically any specific portion of the inheritance though not to obtain a judicial determination of his interest in the estate. The other assignment questions the necessity of joining the co-heir as either plaintiff or defendant inasmuch as the subject matter involved is money.

Appellant denies the necessity of a partition prior to recovery on a cause of action such as the present, principally because there seems to be little necessity for co-heirs to agree on what portion of a sum of money each is to receive. The appellant states in his brief that every dollar is alike. We have read the commentaries of Manresa, Scaevola, Guijarro and Martínez Ruiz, and others upon the question before us and although none of them touch the exact point at issue, their general views on the subject support the decision of the trial court.

In discussing section 1068 of the Spanish Civil Code, which is identical to section 1021 of our Civil Code, Manresa says:

"Thus, the whole estate and rights of an ancestor pass in their entirety to his heirs; but the whole estate is indeterminately conveyed to all the heirs and therefore none of them may be said to be the exclusive owner of any portion thereof. It is. when the partition is made that the right of each heir becomes individualized and determined, and by adjudicating things or rights to each of them in

settlement or as the equivalent of his undivided interest or portion the transferee acquires the exlusive ownership of such specific rights or things and forfeits any interest in the hereditary things or rights adjudicated to others.'' Manresa, Comentaries on the Spanish Civil Code, Vol. VII. pp. 788, 789.

''Where partition is involved, or where it is sought to give effect to a right affecting certain hereditary property, then even such will or declaration of heirship continues to be the primary or essential title that warrants the tradition from the ancestor to his heirs, and hence the title relied on by the latter for dividing the estate among themselves or for receiving the same, already separately and distinctly, in a partition made by a third person qualified for the purpose. Such title, however, is not enough, it is further necessary that a showing be made, in some way or other, according to the purpose in view or the rights to be enforced, of the existence of the partition, because only such partition can confer, according to section 1068; upon each heir the exclusive ownership of any property that may have been specifically allotted to him. This latter title is the one that vests or declares and its necessity has never been gainsaid by the Division of Registries which, nevertheless, has always attached to it an importance second to the Law or to the will which in any case should be considered as the main title.'' Vol. VII, p. 191.

''As stated by us in *General Considerations,* the partition of an inheritance really involves the conveyance of property. There has existed the indivision or community of property which has carried along with it the right of each joint owner to dispose of or mortgage his prospective portion or share and also, of course, the division of the thing held in common which replaces such prospective portion with specific and definite property or things. The assignor or seller is subrogated wholly or partially by the assignee who becomes entitled to intervene in the partition.'' Id. p. 794.

The Judgment of the Supreme Court of Spain of January 26, 1906, in one of its most important *considerandos* decides:

''It is the doctrine of the Supreme Court, as set out in several judgments and especially in that of April 4, 1905; that although an heir may dispose, even before the allotment of the prospective or indeterminate portion of the inheritance that might pertain to him, so long as such inheritance is not liquidated and, therefore, no proper adjudication is made of the portion pertaining to him he

lacks actually an ownership title and, therefore, he can not dispose of or encumber any specific or definite property to which he may be entitled in the aggregate by virtue of the will.''

This doctrine has been observed and supported by several decisions of this court. *Muñoz* v. *Registrar*, 41 P.R.R. 672, *Capó* v. *Fernández*, 27 P.R.R. 656 and Succession of *De Jesús* v. *Pérez*, 28 P.R.R. 297. In all of these cases the property involved was realty.

The doubt we have entertained has been dispelled by the assertions of Manresa and Scaevola to the effect that the ''partition'' is an act of transmissions of title and not merely one declaring or fixing the limits of a title already conferred. Before such an operation takes place the heirs have no specific title over any portion of the estate so as to be able to freely deal with it. *See Judgment of the Supreme Court of Spain of June 11, 1897.*

Of course it is unnecessary, and certainly unreasonable, where the estate is solely composed of money, to require a previous partition if all the heirs are made parties to the suit. In such a case the suit could be considered as a substitute for a judicial division. There are, however, several reasons for requiring that all heirs be joined. In the first place we must not lose sight of the fact that according to the law and jurisprudence, the heirs hold the estate in common and in an undivided capacity. To break this community, all must be consulted or given a full opportunity to intervene. In the second place, the particular heir seeking to recover a specific monetary portion of an inheritance may not be entitled to that portion because of advances made to him by the testator or predecessor which are subject to collation. Furthermore, although the debtor in the present case, admittedly owes $8,000, he owes it as a whole and ought not to be forced, perhaps at his own risk, to determine, whether the plaintiff is legally entitled to $4,000 thereof. It is indeed much more adequate that all the heirs be joined so that the claim against such debtor may be fully and finally settled.

A debtor is not bound to divide his original obligation into as many debentures as there may be heirs to his creditor. He is entitled to pay once and for all, either to all the heirs directly or to their duly appointed representative.

It is obvious, besides, that the thing to divide here is not specifically money, but is a chose in action or a claim and hence momentarily indivisible.

There was a motion to dismiss the appeal as frivolous, and as academic because of a transaction subsequently entered into by the appellant and various other persons. We cannot consider the deed at this time nor in the manner presented. As the appeal does not appear to have been frivolous, the motion must be denied.

For the foregoing considerations the judgment of the lower court should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice De Jesús took no part in the decision of this case.